IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN B. BLICHA,

    Plaintiff,                                         05cv1292

    v.                                            **ELECTRONICALLY FILED**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

### Memorandum Opinion

This is an appeal from the final decision of the Commissioner that plaintiff's retirement insurance benefits (RIB) under the Social Security Act (the Act) were subject to a reduction based upon applicability of the windfall elimination provisions (WEP).[1] Plaintiff, John B. Blicha (Blicha), brought this action pursuant to 42 U.S.C. § 405(g), alleging that there is not substantial evidence to support the Commissioner's determination that the WEP were properly applied in this case. As is the customary practice in this district, the parties have filed cross-motions for summary judgment. For the reasons set forth below, defendant's motion for summary judgment will be granted, plaintiff's motion for summary judgment will be denied, and the Court will

---

[1] The WEP applies to retirees who are eligible for both social security RIB (also known as old-age benefits) and benefits under another pension plan. Congress enacted the WEP to eliminate the windfall that arises when individuals "split their careers between employment in which their earnings were taxed for social security and other employment, such as [government] employment, in which their earnings were exempt from social security taxes." Rudykoff v. Apfel, 193 F.3d 579, 580-81 (2d Cir. 1999). The provisions of the Act apply to an individual "who first becomes eligible after 1985 for a monthly periodic payment, which is based in whole or in part upon his earnings for noncovered services." 42 U.S.C. § 415(a)(7). The Commissioner relies upon the WEP when: (1) a claimant becomes eligible for old-age insurance benefits after 1985 and (2) for the same months after 1985 that the claimant becomes eligible for old-age benefits, he is also entitled to a monthly pension for which he became eligible after 1985 based in whole or in part on his earnings in employment which was not covered under Social Security. 20 C.F.R. § 404.213(a)(1),(3).

affirm the final decision of the Commissioner.

The undisputed facts reveal that plaintiff, who turned age fifty (50) in February, 1988, was a police officer with the City of Pittsburgh for 20 years until his retirement on September 12, 1988. Plaintiff filed his application for RIB on February 3, 2003 requesting that he start to receive benefits as of April 2003. When the Agency notified him that he was entitled to monthly benefits of $772.00 as of April 2003, he filed a request for reconsideration alleging that the WEP should not have been applied to reduce his benefits. Plaintiff's request for reconsideration was denied on the basis that the WEP had been properly applied. Plaintiff then filed a request for hearing before an ALJ and on May 5, 2004, a hearing was held, at which plaintiff, who was represented by counsel, appeared and testified. After considering all of the evidence, the ALJ issued a decision finding that the WEP had been properly applied to determine plaintiff's entitlement to RIB. This action followed.

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In considering a motion for summary judgment, we must examine the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

When reviewing an ALJ's determination subsequently adopted by the Commissioner, this court is bound to affirm the Commissioner's findings if supported by substantial evidence. See Podedworny v. Harris, 745 F.3d 210, 217 (3d Cir. 1984). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995). Obviously, this standard of review is highly deferential.

Plaintiff alleges that he was properly entitled to his police officer pension in August of

1985, and therefore, he was exempt from the WEP which took effect at the end of 1985. According to plaintiff, the ALJ held that WEP applied to plaintiff because he turned 50 *after* 1985 and was not qualified for a pension before the end of 1985, when the "evidence submitted by the City of Pittsburgh does not fully support that analysis." Plaintiff's Brief, at 10.

This Court, recognizing the deferential standard of review in these cases, notes that the ALJ properly explained his decision as follows:

> On February 27, 2003, when the claimant filed his request for reconsideration, he stated that he was first eligible to retire from the City of Pittsburgh after completing 20 years of service in August 1985. In a statement dated September 2, 2003, Ms. Arlene Bonzak, a bookkeeper for the Policeman's retirement fund, indicated that although the claimant had twenty years of employment in 1985 and was vested, he could not collect his retirement before age fifty in 1988. Based on that evidence, the reconsideration determination issued on October 7, 2003, held that the windfall elimination provision [WEP] applies to the claimant's retirement insurance benefits [RIB] because he was not eligible to collect his pension from the City of Pittsburgh until 1988.
> Ms. Bonzak provided another statement dated March 15, 2004, in which she stated, 'This is to inform you that Retired Police Officer John B. Blicha would have been eligible to Voluntary [sic] Retire in August 1985 after completing twenty years service.'

Tr. at 10.

Because the ALJ did not believe that the March 15, 2004 statement by Ms. Bonzak clearly established that plaintiff would have been entitled to a pension in 1985, the ALJ asked plaintiff's attorney to provide further clarification. The ALJ continued, "in a letter dated May 24, 2004, the claimant's attorney indicated that Ms. Bonzak stated that the claimant would have been eligible to retire in August 1985 but would not have been eligible for a pension until his 50th birthday."

Based upon the above evidence, the ALJ found that although plaintiff's pension from the City of Pittsburgh was vested in 1985, he was not eligible to collect that pension until 1988 when

he attained age 50, and therefore, the WEP was properly applied to plaintiff.

Although plaintiff argues that he was entitled to his police officer pension in August of 1985 because he was eligible to *retire* as of that date, this Court finds that there is substantial evidence to support the ALJ's conclusion that because plaintiff would not have been eligible to receive a *pension* from the City of Pittsburgh until he attained age 50 in 1988, the WEP, which took effect at the end of 1985, was applicable.  This Court finds that the 1990-1991 Contract of the Fraternal Order of Police,[2] which was attached to the March 15, 2004 statement by Ms. Bonzak, does not apply to the current case because plaintiff retired in 1988 - years before the 1990-1991 policy provisions went into effect.  Moreover, even if 1990-1991 contractual provisions apply to this case, those provisions still support the Commissioner's position that a member retiring after twenty (20) years of service but at less than fifty (50) years of age is not eligible to receive a pension until he or she turns fifty (50).

---

[2]The 1990-1991 Contract provides that a member who retires after twenty years of service, but at less than fifty (50) years of age, has the option of : (1) "suspending payments to the pension fund and receiving at age 50 a pension based upon the highest twelve (12) months service achieved by the time of the cessation of employment" or (2) "continuing to pay into the pension fund a monthly sum equal to the monthly contribution paid by the present rank he or she held prior to retirement, until reaching the age of 50," when he "shall receive a pension commensurate with the pension rate which would be applicable had the person continued to work in that rank until age 50." Tr. 54

Accordingly, for these reasons, this Court concludes that there is substantial evidence to support the findings of the Commissioner and therefore will grant the Commissioner's motion for summary judgment and deny plaintiff's motion for summary judgment. An appropriate order follows.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:     All counsel of record

Case 2:05-cv-01292-AJS   Document 11   Filed 04/24/06   Page 6 of 6